STATE BOARD OF TAX APPEALS.

TIDE WATER ASSOCIATED OIL COMPANY, PETITIONER,
v. CITY OF JERSEY CITY, RESPONDENT.

Decided March 5, 1940.

For the petitioner, *Edward P. Stout.*

For the respondent, *James A. Hamill* (by *Frank P. McCarthy*).

QUINN, President. Petitioner seeks, upon an amended petition of appeal to this board, to cancel and discharge an assessment levied against it for the year 1937 by the city of Jersey City, with respect to personal property situated in that taxing district, upon the ground that it was not the owner of the property with respect to which the assessment was levied, on October 1st, 1936, the assessing date for the year in question.

Upon a prior application made by the petitioner for cancellation of the assessment upon the ground stated, we withheld any summary disposition of the application in favor of the petitioner, for the reason that it appeared that the granting of the application might result in the escape from taxation for the year 1937, of a substantial amount of personal property situated therein. *Tide Water Associated Oil Co. v. City of Jersey City (State Board)*, filed August 14th, 1939. We said in that case:

"It is provided by *Pamph. L.* 1903, *ch.* 208, § 30 (*R. S.* 54:4-54) that:

" 'No assessment of real or personal property shall be considered invalid because listed or assessed in the name of one not the owner thereof, \* \* \*.'

"The obvious error in the listing of the property in question against the Oil Company will not, therefore, invalidate the assessment. Following the practice adopted in a similar situation by the former Board of Equalization of Taxes, to the powers of which we have succeeded under *Pamph. L.* 1915, *ch.* 244, and *Pamph. L.* 1931, *ch.* 100, the assessment will not be canceled, but the City of Jersey City may amend its petitions and submit evidence as to the owners of the property on the assessing date, whereupon, upon notice, the assessment may be corrected. *Union Terminal Cold Storage Co.* v. *Jersey City* (*State Board Tax Reports,* 1934, *p.* 115). The correction may be made by stipulation entered into by all parties in interest."

The taxing district has failed to take the action suggested by us on the foregoing application, and has adduced nothing to controvert the testimony offered on behalf of the petitioner to the effect that the personal property in question was owned by Tide Water Oil Company, a Delaware corporation, on the assessing date, and not by the petitioner. We are therefore constrained to set aside the assessment for the year 1937 as against the petitioner, Tide Water Associated Oil Company. This disposition of the case is not to be deemed a cancellation of the assessment *in toto,* but merely as against petitioner, and is without prejudice to any remedies which the city of Jersey City may have before any appropriate tribunal, for the collection or enforcement of its levy. We expressly reserve jurisdiction over the proceedings so that the city may, within a reasonable time, submit evidence as to the true owner of the property on the assessing date, whereupon, upon notice to such party, the assessment may be corrected, under the practice suggested in the Union Terminal Cold Storage Co. case, cited *supra.*